UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-1411 CAS (PJWx) | Date | May 6, 2013 |
|---|---|---|---|
| Title | JÜRGEN KOCH D/B/A J.K. IMPORTS V. MEDICI ERMETE & FIGLI S.R.L | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants | |
| Jonathan Hickman | John Heffner | |

**Proceedings:** **PLAINTIFF'S MOTION TO REMAND ACTION TO STATE COURT** (filed March 28, 2013) [Dkt. No. 15]

## I.   INTRODUCTION & BACKGROUND

On October 24, 2012, plaintiff Jürgen Koch d/b/a J.K. Imports ("JKI") filed suit in the Los Angeles County Superior Court against defendant Medici Ermete & Figli S.R.L. ("Medici"), Case No. BC 494361.

Plaintiff is a California-based importer and distributor of fine wines. Plaintiff alleges that defendant is a winemaker based in the Emilia region of Italy who produces a "true Lambrusco red," a wine whose popularity in the United States declined precipitously around 1995. Compl. ¶¶ 7–8. To try and revive the fortunes of Medici's Lambrusco wines in the U.S., plaintiff alleges that it entered into an oral exclusive agency relationship with Medici in 1995, whereby Medici promised, *inter alia*, that it would not import or distribute its wines in the U.S. without plaintiff's permission. Id. ¶ 3. By 2010, plaintiff alleges that it had "almost single-handedly rebuilt the market in the United States for quality Lambrusco . . . establishing Medici as a lead brand of true Lambrusco in the United States." Id. ¶ 9. However, on October 25, 2010, plaintiff alleges that defendant terminated the parties' exclusive agency agreement without good cause or reasonable notice, in violation of the parties' agreement. Id. ¶ 11. Plaintiff asserts a single claim for breach of contract in this action and seeks damages in excess of $500,000.

On January 18, 2013, plaintiff sent a copy of the summons and complaint to defendant in Italy by mail, ostensibly effecting service of process pursuant to Cal. Code of Civ. P. § 415.40. Notice of Removal ¶ 5. Defendant disputes that such service was

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-1411 CAS (PJWx) | Date | May 6, 2013 |
|---|---|---|---|
| Title | JÜRGEN KOCH D/B/A J.K. IMPORTS V. MEDICI ERMETE & FIGLI S.R.L | | |

proper, but acknowledges that if such service was proper, service would be deemed complete on January 28, 2013.

On February 25, 2013, defendant filed an answer and a cross-complaint in the Los Angeles County Superior court. Notice Exs. B & C. The next day, defendant filed a notice of removal with this Court. Dkt. No. 1.

On March 28, 2013, plaintiff filed a motion to remand this case. Defendant opposed the motion on April 8, 2013, and plaintiff replied on April 12, 2013. The Court held a hearing on May 6, 2013. After considering the parties' arguments, the Court finds and concludes as follows.

## II.     LEGAL STANDARD

### A.     Motion for Remand

A motion for remand is the proper procedure for challenging removal. Remand may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure. See 28 U.S.C. § 1447(c). The Court strictly construes the removal statutes against removal jurisdiction, and jurisdiction must be rejected if there is any doubt as to the right of removal. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. See Prize Frize, Inc. v. Matrix, Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). The defendant also has the burden of showing that it has complied with the procedural requirements for removal. Judge William W. Schwarzer, et al., California Practice Guide: Federal Civil Procedure Before Trial § 2:609 (The Rutter Group 2012).

Under 28 U.S.C. § 1446(b), the defendant must file the notice of removal within 30 days after being served with a complaint alleging a basis for removal. When there are multiple defendants, all defendants named in the complaint and who have been properly joined and served in the action must also join in the removal. Hewitt v. City of Stanton, 798 F.2d 1230, 1232 (9th Cir. 1986). This is known as the rule of unanimity. See Chicago, Rock Island & Pac. Ry. v. Martin, 178 U.S. 245 (1900); see also Schwarzer, supra, § 2:905.2. If the defendant's removal notice fails to meet the procedural requirements of § 1446(b), the court may remand the action based on the plaintiff's

|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-1411 CAS (PJWx) | Date | May 6, 2013 |
|---|---|---|---|
| Title | JÜRGEN KOCH D/B/A J.K. IMPORTS V. MEDICI ERMETE & FIGLI S.R.L | | |

timely motion. McAnally Enters., Inc. v. McAnally, 107 F. Supp. 2d 1223, 1226 (C.D. Cal. 2000).

### III.   DISCUSSION

Plaintiff does not contend that this Court lacks subject matter jurisdiction over this action or that defendant's removal of this case was procedurally improper in any respect. Plaintiff's sole argument is that defendant waived its right to remove this case by filing a cross-complaint along with its answer in state court. By invoking the state court's jurisdiction to seek affirmative relief, plaintiff argues that defendant effectively waived its right of removal.

In the Ninth Circuit, a party "may waive the right to remove to federal court where, after it is apparent that the case is removable, the defendant takes actions in state court that manifest his or her intent to have the matter adjudicated there, and to abandon his or her right to a federal forum." Resolution Trust Corp. v. Bayside Developers, 43 F.3d 1230, 1240 (9th Cir. 1994); 10 James W. Moore, et al., Moore's Federal Practice, § 107.18[3][a] (same).[1] However, "a waiver of the right of removal must be clear and unequivocal." Id. (quotations omitted); see also EIE Guam Corp. v. Long Term Credit Bank of Japan, Ltd., 322 F.3d 635, 649 (9th Cir. 2003) (holding that waiver requires "a clear and unequivocal abandonment of the right to a federal forum"); Foley v. Allied Interstate, Inc., 312 F. Supp. 2d 1279, 1284–85 (C.D. Cal. 2004) (noting that waiver is disfavored because "access to a federal forum is a significant right"). Generally, a defendant does not forfeit its right to remove "by action in state court short of proceeding to an adjudication on the merits." Id.; Acosta v. Direct Merchants Bank, 207 F. Supp. 2d 1129, 1131–32 (S.D. Cal. 2002) (reciting the same). Determining whether a defendant has "waived [its] right to remove based on active participation [in state court] must be made on a case-by-case basis." Oster v. Standard Life Ins. Co., No. CV 09-00851, 2009 WL 1260174 (N.D. Cal. May 6, 2009) (quoting Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP, 365 F.3d 1244, 1246 (11th Cir. 2004)).

---

[1] The source of this doctrine appears to be federal common law, as the removal statutes make no provision for waiver by a defendant of its right to remove to federal court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-1411 CAS (PJWx) | Date | May 6, 2013 |
|---|---|---|---|
| Title | JÜRGEN KOCH D/B/A J.K. IMPORTS V. MEDICI ERMETE & FIGLI S.R.L | | |

Although courts are in agreement as to the proper standard for determining whether a defendant has waived its rights to remove to federal court, "[w]hat acts legally constitute waiver is somewhat less clear." California Republican Party v. Mercier, 652 F. Supp. 928, 931 (C.D. Cal. 1986). In all such circumstances, the first requirement is that "it must be unequivocally apparent that the case is removable." Moore's, *supra*, § 107.18[3][a]. After a defendant is on notice of the potential to remove an action, courts agree that filing a permissive counter-claim in state court constitutes waiver. See Mattel, Inc. v. Bryant, 441 F. Supp. 2d 1081, 1091 (C.D. Cal. 2005) aff'd, 446 F.3d 1011 (9th Cir. 2006); Acosta, 207 F. Supp. 2d at 1132; Mercier, 652 F. Supp. at 931–32; Moore's, *supra*, § 107.18[3][a] (acts constituting waiver include "[p]articipating in state court proceedings, such as seeking some form of affirmative relief, when the defendant is not compelled to take the action"). Seeking a continuance in state court on the eve of trial can also constitute waiver, if the defendant does not place the state court and the parties on notice of its intentions to seek out a federal forum. See Chicago Title & Trust Co. v. Whitney Stores, Inc., 583 F. Supp. 575 (N.D. Ill. 1984); see also Hazelwood v. A.W. Chesterton Co., No. CV 12-1313, 2012 WL 2344103 (N.D. Cal. June 20, 2012) (granting motion to remand where once right to remove became apparent, a defendant nonetheless "proceeded through various pretrial matters and the start of the jury trial before filing its notice of removal, requiring the state court to devote a considerable amount of its limited resources to these matters, even though [the defendant] knew that such efforts would be wasted" once it removed to federal court).

Of course, actually litigating an issue on the merits in state court once the ability to remove an action becomes apparent will also waive a defendant's right to remove. Foley v. Allied Interstate, Inc., 312 F. Supp. 2d 1279, 1282 (C.D. Cal. 2004). This makes good policy sense; defendants should not be able to use "removal as an insurance policy to protect against unfavorable outcomes in state court." Landry v. Cross Country Bank, 431 F. Supp. 2d 682, 687 (S.D. Tex. 2003); see also Foley, 312 F. Supp. 2d at 1285 (concluding that "a defendant may not experiment in state court and then seek to remove upon receipt of an adverse ruling"); Capretto v. Stryker Corp., No. CV 07-03390, 2007 WL 2462138 (N.D. Cal. Aug. 29, 2007) (finding waiver where the defendant filed a motion for summary judgment and a reply brief in support of the motion, and state court had held a hearing on the motion before defendant attempted removal).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-1411 CAS (PJWx) | Date | May 6, 2013 |
|---|---|---|---|
| Title | JÜRGEN KOCH D/B/A J.K. IMPORTS V. MEDICI ERMETE & FIGLI S.R.L | | |

Other actions taken in state court do not waive a defendant's right to a federal forum. These include "filing a pleading, such as an answer or demurrer, or other pleading raising a defense that might be conclusive on the merits," including a motion to disimss. Moore's Federal Practice, § 107.18[3][a]. Filing a compulsory counterclaim also does not waive a defendant's right of removal. Id.; Landry, 431 F. Supp. 2d at 687. Nor, generally, does seeking discovery in state court or requesting a continuance if trial is not imminent. See Foley, 312 F. Supp. 2d at 1284.

In light of the foregoing principles, the Court concludes that defendant did not waive its right to remove this action by filing a compulsory counter-claim along with its answer in state court.[2] There is no dispute that defendant was on notice of its right to remove this action from the moment it received a copy of the summons and complaint, whether or not this service was proper under California law. The fact that the parties are diverse and that the amount in controversy is satisfied is apparent from the face of plaintiff's complaint, which seeks in excess of $500,000 in damages. As such, the right to remove this case was apparent to defendant. See Bayside Developers, 43 F.3d at 1240.

However, despite defendant's knowledge of its right to remove this action, the actions that defendant took in state court did not demonstrate an intentional and unequivocal waiver of the right to a federal forum. There is no dispute that a defendant does not waive its right to a federal forum by filing an answer in state court. See Acosta, 207 F. Supp. 2d at 1131 n. 2 (noting that Fed. R. of Civ. P. 81(c) expressly contemplates defendant filing an answer in state court prior to removal). And in light of the California pleading requirements, the Court finds that defendant's filing of a compulsory counter-claim along with its answer did not waive its right to remove this action. Under California law, a defendant must file any compulsory counter-complaint along with its answer. See Align Tech., Inc. v. Bao Tran, 179 Cal. App. 4th 949, 952 (2009). If a

---

[2] It is undisputed that defendant's counter-claim was compulsory under California law, as these claims arose out of the "same transaction, occurrence, or series of transactions or occurrences." Cal. Code of Civ. P. § 426.30(a); id. § 426.10. See Align Tech., Inc. v. Bao Tran, 179 Cal. App. 4th 949, 960 (2009) (holding that the "same transaction" language of the statute is to be given a "liberal construction").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-1411 CAS (PJWx) | Date | May 6, 2013 |
|---|---|---|---|
| Title | JÜRGEN KOCH D/B/A J.K. IMPORTS V. MEDICI ERMETE & FIGLI S.R.L | | |

defendant fails to do so, it must seek leave of the state court to assert a compulsory counter-claim after filing its answer or risk forfeiting its claim. Cal. Code of Civ. P. § 426.50. It would make little sense to conclude that even though the filing of an answer in state court does not constitute a waiver, coupling an answer with a compulsory counter-complaint does. Therefore, the Court concludes that defendant's assertion of a compulsory counter-claim along with its answer is not the sort of "clear and unequivocal" conduct that demonstrates an intent to litigate an action in state court. See Bayside Developers, 43 F.3d at 1240.

Moreover, defendant did not delay or demonstrate any bad faith in timely removing this case to this Court, as defendant filed a notice of removal the very day after it answered in state court. Defendant had a right to remove this action within the thirty-day window, and plaintiff has not demonstrated that it suffered any prejudice whatsoever as a result of defendant removing this case the day after filing a counter-claim in state court. See Mercier, 652 F. Supp. at 932. Because defendant removed this action immediately after filing its answer and counter-claim, this case did come close to approaching "an adjudication on the merits," Bayside Developers, 43 F.3d at 1240, nor can defendant be accused of attempting to "experiment" in state court merely by filing a compulsory counter-claim, Foley, 312 F. Supp. 2d at 1285. Accordingly, the Court finds that defendant did not waive its right to remove this action by filing an answer and a compulsory-counterclaim in state court. There was no further litigation in state court after defendant filed these pleadings; plaintiff suffered no prejudice as a result of defendant's removal of this action the following day; and defendant did not express its "clear and unequivocal intent to accede to the state court's jurisdiction" by filing a compulsory counter-claim, Acosta, 207 F. Supp. 2d at 1133.[3]

---

[3] The court in Acosta does not address whether the counter-complaint filed by the defendant there was compulsory or permissive. See 207 F. Supp. 2d at 1133 (stating that the defendant's state court filings were "voluntary" and also noting that the defendant "could have removed the case without filing any pleadings at all in state court"). Although the decision is silent in this respect, plaintiff argues that the counterclaim in Acosta was "clearly compulsory" under California law, and therefore Acosta stands for the broader proposition that asserting compulsory counter-claims in state court also waives one's right to remove an action to federal court. The Court disagrees. Even if the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-1411 CAS (PJWx) | Date | May 6, 2013 |
|---|---|---|---|
| Title | JÜRGEN KOCH D/B/A J.K. IMPORTS V. MEDICI ERMETE & FIGLI S.R.L | | |

## IV. CONCLUSION

In accordance with the foregoing, plaintiff's motion to remand is hereby DENIED.

IT IS SO ORDERED.

|  | 00 | : | 02 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |

---

counter-claim in Acosta was compulsory, the Court finds that defendant has not waived its right to remove this action for all the reasons articulated herein. A defendant should not be forced to forgo filing a compulsory cross-complaint along with its answer in state court in order to preserve its "significant right" to a federal forum. Foley, 312 F. Supp. 2d at 1284.