1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

8
9
10
11

| | |
|---|---|
| JURGEN KOCH, d/b/a J.K. IMPORTS, | CASE NO. CV 13-1411 BRO (PJWx) |
| Plaintiff, | [~~PROPOSED~~] **STIPULATED PROTECTIVE ORDER GOVERNING DISCOVERY MATERIAL** |
| vs. | |
| MEDICI ERMETE & FIGLI S.R.L., an Unknown Foreign Legal Entity; and DOES 1 through 50, Inclusive, | |
| Defendants. | |
| MEDICI ERMETE & FIGLI S.R.L., | |
| Cross-Complainant, | |
| vs. | |
| JÜRGEN KOCH, d/b/a J.K. IMPORTS; and ROES 1 through 50, Inclusive, | |
| Cross-Defendants. | |

DICKENSON PEATMAN & FOGARTY

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Upon consideration of the Parties' Stipulation for Protective Order Governing Discovery Material dated July 9, 2013 and finding good cause thereon, the Court approves and enters the following Stipulated Protective Order Governing Discovery Material.

1.   **PURPOSES AND LIMITATIONS**

Discovery in the above-captioned action will likely involve production of confidential, proprietary, trade secret, or private information by all parties to this action as well as third parties.  Special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted, and the absence of said protection may result in specific prejudice or harm. Thus good cause exists for the entry of this Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

Accordingly, the parties hereby stipulate to the following Stipulated Protective Order.

The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 11.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5.1 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.  Additional information regarding the procedures for filing under seal is available on the Court website at http://www.cacd.uscourts.gov/court-procedures/filing-procedures/preparing-sealed-documents-civil-cases.

2.    **DEFINITIONS**

2.1    Challenging Party:  a Party that challenges the designation of information or items under this Order.

2.2    "CONFIDENTIAL" Material:  Discovery Material that qualifies for protection under Federal Rule of Civil Procedure 26(c).

2.3    Counsel:  attorneys retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, as well as their support staff.

2.4    Designating Party:  a Party or Non-Party that designates Discovery Material as "CONFIDENTIAL."

2.5    Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter, or portions thereof.

2.6    Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action.

2.8    Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10   Party:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Counsel.

2.11   Producing Party:  a Party or Non-Party that produces Discovery Material in this action.

2.12   Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13  Protected Material:  any Discovery Material that is designated by either Party or their Counsel or a Non-Party as "CONFIDENTIAL" Material in accordance with Section 4 of this Order as well as (1) any and all information contained in, copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. Protected Material does not include: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

2.14  Receiving Party:  a Party that receives Discovery Material from a Producing Party.

3.     **DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.    **DESIGNATING PROTECTED MATERIAL**

4.1    Type of Information.  Information or material that is treated as confidential in the ordinary course of business and which (a) has not been disclosed publicly and (b) which the Designating Party believes must be held confidential in order to protect business or commercial interests may be designated as Protected Material in this action.

4.2    Exercise of Restraint and Care in Designating Material for Protection. In order to designate Discovery Material as Protected Material under this Order the Designating Party must have a good-faith opinion that the designated information or material constitutes or contains (a) "CONFIDENTIAL" Material and (b) the type of information described in Section 4.1.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.  **Mass, indiscriminate, or routinized designations are prohibited.**

Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that Discovery Material that it designated as Protected Material do not qualify for protection, that Designating Party must promptly send written notification to all other Parties that it is withdrawing the mistaken designation and, if the material in question is a document, produce a new copy of said document with the "CONFIDENTIAL" legend removed..

4.3    Manner and Timing of Designations for Documents and Materials.  Except as otherwise provided in this Order or as otherwise stipulated or ordered, Discovery

Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation of documents and tangible materials in conformity with this Order requires:

(a) for documents (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that contain protected material, in whole or in part, the Producing Party shall affix the legend "CONFIDENTIAL" to each page of said document. If only a portion or portions of the material in a document qualifies for protection, the Producing Party must clearly identify the protected portion(s) by making appropriate markings in the margins.

(b) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

4.4 <u>Manner and Timing of Designations of Depositions</u>. Except as otherwise provided in this Order or as otherwise stipulated or ordered, Deposition transcripts or portions thereof may be designated as Protected Material under the terms of this order by a party or non-party. Designation may be done (a) on the record and prior to the commencement of the deposition testimony; (b) on the record and during the deposition itself; or (c) by written notice to the court reporter and all counsel of record within ten (10) business days after the transcript is available for review. Any such notice shall include a detailed list of the page and line numbers and/or exhibits to be treated as Protected Material.

4.5 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable

efforts to assure that the material is treated in accordance with the provisions of this Order.

## 5. CHALLENGING CONFIDENTIALITY DESIGNATIONS

5.1     Timing of Challenges.  Any Party may challenge a designation of confidentiality at any time (the "Challenging Party"). A Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.  The procedure for resolving challenges to a designation of confidentiality shall be in accordance with Local Rule 37 and any other applicable Local Rules.

5.2     Meet and Confer.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. The parties shall attempt to resolve each challenge in good faith and must begin the process by conducting a conference of counsel in accordance with Local Rule 37-1.  During the conference of counsel, the Challenging Party must explain the basis for its belief that the confidentiality designation is not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances. If no change in designation is offered, Designating Party must  explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

5.3     Judicial Intervention.  If the Parties cannot resolve a challenge through the meet and confer process, the Designating Party may file and serve a motion to retain confidentiality and/or the Challenging Party may file a motion challenging a confidentiality designation.  Any such motion shall be filed in accordance with the procedure set forth in Local Rule 37-2.

The Designating Party shall bear burden of persuasion in any such challenge proceeding whether filed by Designating Party or by Challenging Party. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.

6.     **ACCESS TO AND USE OF PROTECTED MATERIAL**

6.1     <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 12 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

6.2     <u>Disclosure of Protected Material</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose Protected Material only to:

(a)  the Receiving Party's Counsel of Record in this action, as well as employees of said Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in paragraph 2.6 of this Order) to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

A Party served with a discovery request, subpoena or a court order issued in other litigation that compels disclosure of any Protected Material produced in this action, that Party must:

(a) promptly send written notice to the Designating Party along with a copy of the discovery request, subpoena, or court order;

(b)  promptly send written notice to the party who issued the discovery request or caused the subpoena or order to issue in the other litigation informing them that some or all of the material covered by the subpoena or order is subject to this Protective Order and include a copy of this Stipulated Protective Order, and also send a copy of said notice to the Designating Party;

(c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order to prevent disclosure of the Protected Material, the Party served with the subpoena or court order shall not produce any of the Protected Material in question unless Designating Party has consented to production or the court in which Designating Party has filed it motion for protective order has made a final ruling compelling production.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material.

Nothing in these provisions should be construed as authorizing or encouraging any Party in this action to disobey a lawful directive from another court.

## 8.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)  The terms of this Order are applicable to material produced by a Non-Party in this action, and a Non-Party may designated any Discovery Material as Protected Material in accordance with Section 4 above.  All Protected Material designated by Non-Parties and produced in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)  In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an

agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)  promptly send written notice to the Requesting Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)  promptly provide the Non-Party with a copy of the above referenced notice and the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)  make the information requested available for inspection by the Non-Party.

(c)  If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice described in Section 8(b)(2) above, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request, but shall not be required to do so absent a court order. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

9.      **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must promptly (a) send written notice to the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10.    **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of attorney-client privilege, work product protection, or any other privilege or protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  Any inadvertent production of a document subject to a claim of privilege or protection shall not constitute waiver thereof.  Nothing herein shall prevent Receiving Party from challenging the privilege designation of material that a Producing Party claims was inadvertently produced.

11.    **MISCELLANEOUS**

11.1    <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

11.2    <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground, including the assertion of other privileges (attorney-client privilege, work-product privilege, etc.) not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

11.3    <u>Filing Protected Material.</u> Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

///

///

12.   **FINAL DISPOSITION**

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 3 (DURATION).

**IT IS SO ORDERED.**

DATED:  July 10, 2013

_Patrick J. Walsh_

_____
HON. PATRICK J. WALSH
U.S. Magistrate Judge

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury

that I have read in its entirety and understand the Stipulated Protective Order that

was issued by the United States District Court for the Central District of California

on _____[date] in the case of JURGEN KOCH v. MEDICI

ERMETE & FIGLI S.R.L. (Case No.CV 13-01411 BRO). I agree to comply with

and to be bound by all the terms of this Stipulated Protective Order and I

understand and acknowledge that failure to so comply could expose me to sanctions

and punishment in the nature of contempt. I solemnly promise that I will not

disclose in any manner any information or item that is subject to this Stipulated

Protective Order to any person or entity except in strict compliance with the

provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Central District of California for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action.

I hereby appoint _____ [insert full name] of

_____ [insert full address and telephone

number] as my California agent for service of process in connection with this action

or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

[PROPOSED] STIPULATED PROTECTIVE
ORDER

14

CASE NO. CV 13-1411 BRO (PJWx)